IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 15-00832 HG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DOUGLAS PATRICK HAYES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 47)**

Defendant is currently incarcerated at the Butner Federal Medical Center in North Carolina with a projected release date of August 9, 2025.

Defendant has filed a Motion seeking immediate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). Defendant seeks release due to the COVID-19 pandemic and to provide care for his spouse.

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

Defendant's EMERGENCY MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 47) is **DENIED.**

### STANDARD OF REVIEW

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified

1

by a district court except in limited circumstances. <u>Dillon v. United States</u>, 560 U.S. 817, 824-25 (2010).

On December 21, 2018, Congress passed the First Step Act of 2018. PL 115-391, December 21, 2018, 132 Stat. 5194. The First Step Act amended 18 U.S.C. § 3582(c), the statute governing the limited circumstances under which the trial court may evaluate a motion for reduction of sentence.

The First Step Act altered the statute in Section 3582(c)(1)(A) to allow a defendant to request the trial court reduce his sentence through a motion for compassionate release, but the statute requires the defendant to first present his request for release to the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A).

18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, provides, in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment...after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i)   extraordinary and compelling reasons warrant such a reduction;
> 
> ...
> > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

**SECTION 3582(c)(1)(A) AS AMENDED BY THE FIRST STEP ACT**

**A.    Mandatory Procedural Requirement**

The statute allows the Court to consider a defendant's request for compassionate release only after the defendant has first presented his request to the Bureau of Prisons ("BOP").  18 U.S.C. § 3582(c)(1)(A); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

The Parties agree that Defendant has complied with the procedural requirement of 18 U.S.C. § 3582(c)(1)(A) and that the Court may consider the motion for compassionate release.

**B.    Merits Of Defendant's Request For Compassionate Release**

If a defendant has complied with the mandatory procedural requirement set forth in 18 U.S.C. § 3582(c)(1)(A), the District Court may reduce a term of imprisonment, including the grant of compassionate release, upon finding "extraordinary and compelling reasons."

The Court has the discretion to determine whether extraordinary and compelling reasons exist and is not bound by the definition of "extraordinary and compelling reasons" set forth in the United States Sentencing Guidelines § 1.B.13. United States v. Aruda, 993 F.3d 797, 802 (9th Cir. 2021).

**PROCEDURAL HISTORY**

On November 19, 2015, the grand jury returned an Indictment charging Defendant Hayes with two counts of Possession of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2).  (Indictment, ECF No. 1).

On September 2, 2016, Defendant Hayes pled guilty to both counts of Possession of Child Pornography in the Indictment. (ECF Nos. 25, 27 & 28).

On December 21, 2016, the Court sentenced Defendant Hayes to the mandatory minimum term of 120 months imprisonment, as to Counts 1 and 2, with all such terms to run concurrently.  (ECF Nos. 39, 40).

On May 20, 2021, Defendant Hayes filed a MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)(COMPASSIONATE RELEASE).  (ECF No. 47).

On June 17, 2021, the Government filed its Opposition.  (ECF No. 52).

On July 19, 2021, Defendant Hayes filed his Reply.  (ECF No. 53).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

**ANALYSIS**

Defendant Hayes is 69 years old.  Defendant is currently incarcerated at the Butner Federal Medical Center in North

Carolina.

Pursuant to the Ninth Circuit Court of Appeals' decision in United States v. Aruda, 993 F.3d 797, 802 (9th Cir. 2021), District Courts are compelled to exercise their discretion to decide what constitutes an extraordinary and compelling reason to warrant compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). United States v. Hinkle, 2921 WL 3617189, *3 (W.D. Wash. Aug. 16, 2021).

Defendant bears the burden to demonstrate an extraordinary and compelling reason that warrants immediate release from incarceration. United States v. Crisp, 2021 WL 3663534, *4 (E.D. Cal. Aug. 18, 2021); United States v. Greenhut, 2020 WL 509385, *1 (C.D. Cal. Jan. 31, 2020).

Defendant Hayes seeks release for two reasons:

(1) Due to his own health concerns related to COVID-19; and,

(2) due to medical issues of his spouse.

A defendant's general concerns about potential exposure to COVID-19 while incarcerated do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence. United States v. Sanchez, 2021 WL 3409186, *2 (D. Haw. Aug. 4, 2021); United States v. Eberhart, 448 F.Supp.3d 1086, 1089-90 (N.D. Cal. Mar. 25, 2020).

The Centers for Disease Control ("CDC") has identified certain categories of individuals that are at a higher risk for

5

severe illness due to COVID-19.  The list includes people with conditions such as: chronic lung disease, moderate or serious asthma, serious heart conditions, obesity, chronic kidney disease requiring dialysis, liver disease, diabetes, or individuals who are immunocompromised.  See United States v. Jones, Crim. No. 13-00860 LEK-03, 2020 WL 2331678, *5 (D. Haw. May 11, 2020).

## I.   Compassionate Release Based On Defendant's Own Medical Condition

Defendant Hayes asserts that the basis for his release based on his own medical history includes his age, diagnosis and treatment for prostate cancer, obesity, hypertension, and history of physical injuries.  (Def.'s Motion at pp. 8-18, ECF No. 47-1).

The Court recognizes that individuals over the age of 65, those who are immunocompromised, and those with obesity and hypertension are at an increased risk of suffering serious complications if they were to contract COVID-19.

Defendant's medical records reflect that he is receiving substantial appropriate medical care at Federal Medical Center Butner, including treatment by a private oncologist since June 2021.  (Def.'s BOP Medical Records at pp. 20-23, attached as Ex. 1 to Gov't. Opp., ECF No. 52-1).

In this case, Defendant's underlying conditions do not support a finding of extraordinary and compelling reasons to warrant immediate release because the risk of Defendant

contracting COVID-19 is low.  Defendant already contracted COVID-19 in May 2021, he was asymptomatic and suffered no complications as a result of the disease.  (Def.'s Medical Records at pp. 4-7, attached as Ex. A to Motion, ECF No. 50).  His is fully recovered from the disease.  (Id.)

In addition, in July 2021, Defendant was fully vaccinated against COVID-19 while in Bureau of Prisons custody.  (Def.'s Reply at p. 2, ECF No. 53).

Defendant's risk of symptomatic re-infection is greatly diminished and counsels against a finding of extraordinary and compelling reasons to grant compassionate release.  Many courts have found that a vaccinated prisoner's risk of contracting COVID-19 does not rise to the level of an extraordinary and compelling reason, even in the presence of underlying health conditions.  United States v. Hayes, 2021 WL 2533517, *3 (D. Idaho June 21, 2021).

In United States v. Ballenger, 2021 WL 308814, *5 (W.D. Wash. Jan. 29, 2021), the District Court found his chronic medical conditions did not amount to an extraordinary and compelling reason for compassionate release because the defendant had already been infected and vaccinated against COVID-19.

> The Centers for Disease Control has recently explained that:
>
> Currently authorized vaccines in the United States are highly effective at protecting vaccinated people against symptomatic and severe COVID-19. Fully vaccinated people are less likely to become infected, and if infected, to develop symptoms of COVID-19.  They are at a substantially reduced risk of severe illness

7

and death from COVID-19 compared with unvaccinated people.

<u>Interim Public Health Recommendations for Fully Vaccinated People</u>, Centers for Disease Control, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated-guidance.html (last visited Sept. 22, 2021).

Defendant's claim that he may contract COVID-19 again and suffer serious complications is speculative and contrary to information provided by the Centers for Disease Control.  <u>Id.</u>

Defendant's risk of contracting COVID-19 for a second time is minimal given both his prior infection with COVID-19 and his vaccination against COVID-19 and does not support compassionate release.  <u>Sanchez</u>, 2021 WL 3409186, at *5.

**II.   COMPASSIONATE RELEASE TO CARE FOR DEFENDANT'S SPOUSE**

Pursuant to Sentencing Guideline Section 1B1.13's Commentary Application Notes C, Family Circumstances may provide a basis to establish "extraordinary and compelling reasons" for compassionate release.  This definition is not binding, but may provide guidance for the Court's analysis of "extraordinary and compelling reasons."  <u>Aruda</u>, 993 F.3d at 802.

Defendant seeks compassionate release to care for his spouse James Lu.  Defendant submitted a letter from Dr. Krishe Menezes, M.D., Mr. Lu's treating neurologist.  Dr. Menezes states that Mr. Lu has a severe neurological disease resulting in uncontrollable movements that severely impacts his ability to function and

perform activities of daily living.  (Letter dated April 29, 2021, attached as Ex. M to Def.'s Motion, ECF No. 47-13).

Courts have required a defendant to establish that his spouse suffers from a terminal illness or is incapacitated, meaning the spouse is unable to carry on any self-care and is totally confined to a bed or chair, in order to be eligible for compassionate release based on the spouse's illness.  United States v. Bolden, 2020 WL 4286820, *4 (W.D. Wash. July 27, 2020) (relying on BOP Program Statements § 5050.50 in evaluating a request for compassionate release based on a spouse's incapacitation); United States v. Peuse, 2020 WL 5076356, *5 (N.D. Cal. Aug. 24, 2020) (denying defendant's motion for compassionate release based on his wife's self-reported illnesses).

Here, Defendant has not established that Mr. Lu, who is reported to be in his mid-40's, is unable to carry on any self-care or is totally confined to a bed or chair.  There is no information that Mr. Lu requires daily assistance or that he requires regular medical or nursing care in his home.

The record establishes that Mr. Lu has engaged in significant travel since the Defendant has been incarcerated.  It is unclear from the record where Defendant's spouse currently resides.  Mr. Lu's neurologist Dr. Menezes is located in Los Angeles, California.  Mr. Lu states in his letter that he has been able to travel from Hawaii to Los Angeles to visit the

9

Defendant while he was imprisoned there in 2019 and 2020, but that Mr. Lu has since traveled back to Hawaii on occasion. (Letter from James Lu, dated June 10, 2020, attached as Ex. N to Def.'s Motion, ECF No. 47-14).  There is no indication that Mr. Lu had any difficulty in traveling alone or that he required any special assistance in traveling between Hawaii and the mainland.

Defendant indicates in a letter to his attorney that Mr. Lu was able to obtain his own rental apartment in California. (Letter from Defendant dated March 7, 2021, attached as Ex. P, ECF No. 47-16).  Despite Mr. Lu's California residence, Defendant claims that he seeks to live in Honolulu, Hawaii, with his spouse.  (Motion at p. 22, ECF No. 47-1).

Defendant did not provide any medical information for Mr. Lu from any doctors located in Hawaii.  It is unclear what level of medical treatment Mr. Lu is seeking while in Hawaii or what his current medical treatment is.

In addition, there is no information in the record from any medical professional to support Defendant's claim that no one else may provide assistance to Mr. Lu except the Defendant.  The availability of other caregivers is critical to the analysis. United States v. Cyre, 2021 WL 1394125, *4 (W.D. Wash. April 13, 2021).

Mr. Lu's neurologist states that Mr. Lu experiences limitations, but the doctor does not indicate that Mr. Lu requires regular nursing or medical assistance.  In addition, there is no evidence about the availability of others who may

assist Mr. Lu with his medical needs.

Defendant relies on this Court's decision in <u>United States v. Sheena Strong</u> 2021 WL 2953999, *3-*4 (D. Haw. July 14, 2021), in support of his request for compassionate release based on the medical issues of a family member.  Defendant's reliance on <u>Strong</u> is misplaced.

In <u>Strong</u>, the Defendant had given birth to a premature infant while in prison and was specially trained in the feeding and care for the child while in the Mothers and Infants Together Program.  There was medical evidence in the record from the premature baby's physicians indicating that Defendant Strong was specifically trained in the care for the child, that the child needed near round-the-clock supervision, and that Defendant Strong was the only person who could provide appropriate care for the helpless baby.  <u>Id.</u> at *4.

None of those circumstances are present in this case.

### III. Section 3553(a) Factors And Defendant's History and Characteristics

#### A.   History and Characteristics

In order to be eligible for compassionate release, Defendant must establish that his release is appropriate pursuant to the factors set forth in 18 U.S.C. § 3553(a).  18 U.S.C. § 3582(c)(1)(A).

The Section 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of

11

the defendant, and the need for the sentence imposed.

In this case, Defendant Hayes pled guilty to two charges of Possession of Child Pornography. The Presentence Report indicated that Defendant Hayes knowingly possessed visual depictions of minors engaged in sexually explicit conduct, including visual depictions of prepubescent minors and minors who had not attained 12 years of age. (Presentence Report at ¶¶ 1-21, ECF No. 34). A search of Defendant's residence recovered CDs, DVDs, and hard drives that identified more than 1,700 images depicting child pornography. (Id. at ¶ 23). The Presentence Report describes the graphic and violative nature of some of the images that included children as young as 6 years old. (Id.)

The National Center for Missing and Exploited Children analyzed the child victims depicted in the 1,700+ images in Defendant's possession and identified over 1,143 images from 61 different series of child pornography from its database. (Id. at ¶ 24). The United States Attorney's Office's Victim Witness Coordinator provided a list identifying 40 victims who were identified by the National Center for Missing and Exploited Children recovered from the Defendant's possession. (Id. at ¶ 28).

One victim provided a response to inquiries for a victim impact statement and indicated that he was sexually assaulted and photographed by his foster care provider which resulted in the photographs being placed on the internet. (Id. at ¶ 31). The victim states that he has had significant mental and emotional

struggles as a result of the abuse and that he is continually victimized knowing that he can never escape the photographs being on the internet and shared by people like the Defendant. (Id. at ¶ 30).

The adoptive mother of three of the boys victimized in a series of photographs possessed by the Defendant stated that her children are revictimized every time someone views the images, which include oral and anal rape of the children. (Id. at ¶ 31). She expressed that the family experiences significant stress and anxiety knowing the images of the children are being viewed nationwide, including by Defendant Hayes. (Id.)

Numerous other victim impact statements are provided in the Presentence Report that reflect the serious level of physical and emotional abuse experienced by the victims and consistent re-victimization they suffer as a result of the continued viewing of child pornography by individuals such as the Defendant. (Id. at ¶¶ 32-53).

Following his guilty plea to both counts in the Indictment for Possession of Child Pornography, Defendant was sentenced on December 21, 2016. Defendant was 64 years old at the time of his sentencing and is currently 69 years old.

### B.   Defendant's Criminal History

Defendant's Presentence Investigation Report reflects a more than 40-year history of involvement with sexual abuse and

13

exploitation of minors.

On November 14, 1978, Defendant pled guilty in California state court to Lewd and Lascivious Acts Upon the Body of a Minor Under the Act of 14 and Oral Copulation with a Minor Under the Age of 14.  (Id. at ¶ 76).

On December 18, 1978, the court classified Defendant as a mentally-disordered sex offender.  (Id.)

On April 19, 1979, Defendant was sentenced to a 5-year commitment to Atascadero State Hospital, a maximum security facility that accepted only court-ordered commitments.  (Id.)  On October 1, 1980, Defendant was released from hospitalization.  On April 13, 1982, Defendant was sentenced to 5 years probation.

In 1986, while Defendant was serving his 5-year term of probation, Defendant corresponded with a person he believed was an adolescent male who had responded to an advertisement Defendant placed in a magazine.  (Id. at ¶ 77).  The adolescent male was actually an undercover investigator in Colorado.  (Id.)  Defendant's correspondences and his actions placing the advertisement which solicited the purported underage child occurred while Defendant was serving his term of probation for Lewd and Lascivious Acts Upon the Body of a Minor Under the Age of 14.  (Id.)  Defendant's term of probation ended on April 12, 1987.  (Id.)

Eighteen months later, in October 1988, Defendant was arrested again in California.  (Id. at ¶ 79).  The Presentence Report explains that Defendant sexually molested a 6 year-old boy

14

and took photographs of the abuse. (Id.) Defendant Hayes was not prosecuted for these crimes because the parents of the 6 year-old victim were unwilling to put the child through the ordeal of a trial. (Id.)

Four months later, in February 1989, Defendant Hayes mailed a video containing child pornography to the undercover agent who had been posing as the adolescent male in Colorado. (Id. at ¶ 77). Defendant mailed a second video containing child pornography to the agent in April 1992. (Id.) Defendant Hayes was subsequently arrested and admitted that he videotaped the child pornography himself and that he had sex with the underage victim depicted in the videos. (Id.)

Defendant Hayes pled guilty to two counts of Mailing a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(1) in the United States District Court for the District of Colorado. On September 21, 1992, Defendant was sentenced to 16 months imprisonment. (Id.)

At sentencing for the Possession of Child Pornography convictions for which Defendant is currently incarcerated, Defendant's sentencing guidelines were 120 months due to a statutorily imposed mandatory minimum 120-month sentence. (Id. at ¶ 103). The Court sentenced Defendant to the 120-month mandatory minimum sentence. (ECF Nos. 39, 40).

Defendant is a recidivist sexual offender with a serious and lengthy criminal history involving the abuse and exploitation of children. Defendant's current period of incarceration is for

15

possession of child pornography that involved hundreds of images, more than 40 child victims, and victims as young as 6 years old.

Defendant has a history of sexually abusing minor children, of creating child pornography, or sending child pornography across state lines, and of repeating sexual abuse of children after having been convicted and serving periods of incarceration.

Defendant's criminal history demonstrates that he is a danger to the community.

### C.     Portion Of Sentence Served

A review of the caselaw demonstrates that the portion of the sentence already served by the defendant is a necessary factor for the Court to consider in evaluating compassionate release. United States v. Connell,    F.Supp.3d.   , 2020 WL 2315858, *6 (N.D. Cal. May 8, 2020).  The amount of time served of his originally imposed sentence must be considered pursuant to Section 3553(a) to ensure that the amount of time adequately reflects the seriousness of the offense, deters criminal conduct, and protects the public.  United States v. Barber, 466 F.Supp.3d 1127, *5 n.9 (D. Ore. 2020).

Defendant received a 120-month sentence.  His projected release date is August 9, 2025.

### D.    Appropriateness of Immediate Release

The Court finds that the nature and circumstances of Defendant's offenses weigh in favor of his 120-month sentence.

Defendant possessed more than a thousand images of child pornography that involved prepubescent minors and minors under the age of 12, with some children as young as 6 years-old.

Defendant's history and characteristics do not favor a reduced sentence. Defendant has a serious, lengthy criminal history. Defendant's record of involvement in the sexual exploitation and abuse of children spans more than 40 years. Defendant has been found guilty of creating child pornography, sexually abusing multiple minor children, and is a recidivist offender. Defendant Hayes poses a danger to the safety of others and the community.

Defendant has approximately four years remaining on his sentence. Defendant Hayes has failed to establish extraordinary and compelling reasons for compassionate release. The factors in Section 3553(a) do not support the immediate release of the Defendant.

**IV.   Summary Of Medical Conclusion And Section 3553(a) Factors**

Defendant Hayes has not established a basis for compassionate release based on his medical issues or the medical issues of his spouse. Although the Defendant does suffer from several medical conditions, Defendant has previously contracted and fully recovered from COVID-19 and he has been subsequently vaccinated against COVID-19. The risk of Defendant contracting COVID-19 a second time and experiencing serious complications is contrary to guidance from the Centers for Disease Control.

The record demonstrates that Defendant has received and continues to receive substantial appropriate medical care by the Bureau of Prisons, including access to a private oncologist. Defendant has been able to manage his medical conditions while incarcerated.

Defendant poses a danger to the safety of others and the community.  Defendant has a long history of sexually abusing and exploiting children.  Defendant Hayes has not demonstrated extraordinary and compelling reasons for compassionate release. Defendant has not established that his immediate release is warranted pursuant to the Section 3553(a) factors.

**CONCLUSION**

Defendant's Motion To Reduce Sentence Under The First Step Act (ECF No. 47) is **DENIED.**

IT IS SO ORDERED.

Dated: September 22, 2021, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

United States v. Douglas Patrick Hayes, Crim. No. 15-00832 HG;
**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (ECF No. 47)**